[No. 8353.   Department One.   January 28, 1910.]

## CARRIE WILHELM, *Appellant*, v. FRANK J. WILHELM, *Respondent*.[1]

DIVORCE—CRUELTY—EVIDENCE—SUFFICIENCY.  Findings that there was no cruelty warranting a divorce are sustained, where it appears that quarrels and bickerings prompted the wife to consult attorneys about a divorce a few days after the marriage, that she left him several times and returned, and commenced the action within two and a half months after the marriage; disappointment as to property and ill feeling between the husband and his wife's parents appearing to be the principal cause of their trouble.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 20, 1909, dismissing an action for divorce, after a hearing before the court. Affirmed.

*Thomas B. MacMahon*, for appellant.

*Revelle, Revelle & Revelle*, for respondent.

MORRIS, J.—Action for divorce upon the ground of cruelty, decree for defendant, and plaintiff appeals.

The parties to this action were married August 22, 1908. On November 9, following, this action was commenced, the complaint alleging cruelty.  The first act of physical violence testified to by the appellant, in which she was corroborated by her mother, was on September 10.  Other acts are complained of between that date and November 6, when the final separation took place.  No witnesses other than appellant testified to these subsequent acts.  The trial judge recited in his oral findings that he did not believe from the evidence that respondent had committed the acts of physical violence charged against him, and thereupon dismissed the action.

There is evidence of quarrels and bickering between the parties, which impressed the trial court as being caused by a

[1]Reported in 106 Pac. 627.

bitterness existing between respondent and the parents of
appellant. It would appear from the evidence that there
was some disappointment on the part of appellant and her
parents because, shortly before his marriage, respondent con-
veyed some property to his mother, which fact was not learned
by appellant until after the marriage; and respondent con-
tends that this disappointment was the cause of the ill feel-
ing between himself and the parents of appellant, and was a
very large factor in the trouble between himself and his wife.
The trial judge was evidently impressed with this belief, and
his remarks at the conclusion of the trial indicate that, after
listening to all the evidence, seeing the parties before him,
being in a position to form an opinion as to their temper, dis-
position, and other elements of character that influence and
affect the marital relation, he thought the young people
would get along all right away from the influence of the wife's
parents.

Some time in the latter part of August and within a few
days after the marriage and before the happening of Sep-
tember 10, which was the first act of violence testified to, the
wife consulted an attorney relative to obtaining a divorce.
The record does not disclose any reason for such action on
the part of the wife, except the general one that they quar-
reled from the first. At that time she left their home and went
to her parents. Again on October 15 she left again. Each of
these times the husband seems to have been able to persuade
her to return. The whole record is convincing that the ap-
pellant did not endeavor to the extent of her full duty as a
wife to smooth over the troubles and differences between
herself and husband. The age of the husband is not given;
the wife was nineteen, and the history of their married life
reads more like quarrels and bickering of two petulant chil-
dren than an honest attempt to realize the responsibilities of
their new relation and to conform to its requirements. We
have no desire to enter upon any homily upon the marriage
relation, but consulting lawyers concerning a divorce within a

few days after marriage, leaving the home and returning to the parents three times, and finally bringing an action for divorce within two and a half months after the marriage, under the circumstances disclosed in this record, does not impress us as being an attempt to exercise that mutual charity and forbearance that is demanded between husband and wife. We do not mean to be understood that we believe in any fixed time in which divorce may not be decreed. Sufficient cruelty may develop within two months, as well as within two years, to entitle the injured party to relief. But from the record before us we are not satisfied that we have such a case here, and the judgment is affirmed.

RUDKIN, C. J., GOSE, CHADWICK, and FULLERTON, JJ., concur.